```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JEFFREY CORLEY,                                                        :
                                                                       :
                        Plaintiff,                                     :
                                                                       :      23-cv-479 (LJL)
        -v-                                                            :
                                                                       :      ORDER
CHRIS COLLINS,                                                         :
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

        On January 17, 2023, Plaintiff filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt. No. 2.  He also moved for the Court to appoint counsel to represent him in this case.  Dkt. No. 4.

        A district court has "broad discretion" to decide whether to seek pro bono representation for a civil litigant.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  However, "a court has no authority to 'appoint' counsel, but instead, may only 'request' that an attorney volunteer to represent a litigant."  *Vann v. Sudranski*, 2020 WL 8679706, at *1 (S.D.N.Y. July 8, 2020) (quoting *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989)).  Because "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–73 (2d Cir. 1989), "[c]ourts must request the services of pro bono counsel sparingly, and with reference to public benefit."  *Vann*, 2020 WL 8679706, at *1.

        The Second Circuit has set forth factors to guide a court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915 in *Hodge*.  Under *Hodge*, the first question is whether the litigant's claims "seems likely to be of substance."  *Hodge*, 802 F.2d at 61.  If the court determines that the claims have substance, the court should consider other factors including: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity."  *Cooper*, 877 F.2d at 172.  Plaintiff has not made such a showing at this time and the Court cannot determine at this point that the claim has merit.

        Plaintiff's request for appointment of counsel is denied without prejudice.  The Clerk of Court is respectfully directed to close Dkt. No. 4 and to mail a copy of this order to Plaintiff.

        SO ORDERED.

Dated: April 17, 2023
      New York, New York

                                                       LEWIS J. LIMAN
                                                     United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2023