```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JEFFREY CORLEY,                                                  :
                                                                 :
                              Petitioner,                        :
                                                                 :         23-cv-479 (LJL)
              -v-                                                :
                                                                 :         OPINION AND ORDER
CHRIS COLLINS,                                                   :
                                                                 :
                              Respondent.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Petitioner Jeffrey Corley ("Petitioner") commenced this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 17, 2023 (the "Petition") against Chris Collins ("Respondent"). Respondent moves to dismiss the Petition without prejudice based on Petitioner's failure to exhaust his state-court remedies. Dkt. No. 18. For the reasons set forth below, the Court grants Respondent's motion and dismisses the Petition without prejudice.

## BACKGROUND

The following facts are taken from the Petition as well as state-court judicial records of which the Court may take judicial notice.[1]

On March 9, 2021, the Manhattan District Attorney charged Petitioner by information with burglary in the third degree. Dkt. No. 18-1 at 1, 5. After pleading guilty, Petitioner was sentenced in New York County Supreme Court on September 1, 2022. Dkt. No. 2 at 1; Dkt. No.

---

[1] The Court takes judicial notice of certain filings from Petitioner's underlying New York County Supreme Court criminal proceeding, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Sheindlin v. Brady*, 597 F. Supp. 3d 607, 617 (S.D.N.Y. 2022); *Reed v. Alexander*, 2008 WL 3155310, at *1 n.3 (N.D.N.Y. Aug. 4, 2008).

18-1 at 7.  At the request of Petitioner's counsel, the Supreme Court sentenced Plaintiff to a thirty- to ninety-day placement in a drug treatment program, pursuant to Criminal Procedure Law § 410.91, and two to four years of parole supervision.  Dkt. No. 2 at 2; *see also* Dkt. No. 18-1 at 14.

Petitioner alleges that the Department of Corrections and Community Supervision ("DOCCS") has refused to implement the Supreme Court's sentence by enrolling him in the § 410.91 drug treatment program.  Dkt. No. 2 at 2, 4.  Instead, in a March 17, 2023 letter, DOCCS notified the Supreme Court that it had committed Petitioner to incarceration because DOCCS concluded Petitioner was statutorily ineligible for the § 410.91 program based on his prior convictions for violent felonies, namely first-degree robbery and second-degree burglary.  Dkt. No. 18-1 at 22.  "Hence," DOCCS stated, "the enclosed commitment order does not appear to reflect the Court's decision."  *Id.*

The District Attorney then moved the Supreme Court to resentence Petitioner to a term of imprisonment based on his purported ineligibility for the § 410.91 drug-treatment program.  *Id.* at 25.  At a hearing on that motion, Petitioner's attorney emphasized that Petitioner's violent felony convictions occurred in the "early 1990s."  *Id.* at 26.  Petitioner's attorney also contended that the § 410.91's violent felony exclusion was "unconstitutional . . . because it excludes individuals regardless of how long ago their violent felony conviction occurred . . . and it does so without any rational basis."  *Id.*  The Supreme Court instructed the parties to submit motions on the constitutionality of § 410.91, *id.* at 27, and Petitioner's counsel to discuss with DOCCS whether it would exercise its discretion to place Petitioner in the § 410.91 drug-treatment program despite his purported ineligibility, *id.* at 38.  The Supreme Court did not enter a new sentence.  *See id.* at 39–40.

## PROCEDURAL HISTORY

Petitioner filed the Petition on January 17, 2023. Dkt. No. 2. On February 16, 2023, this Court ruled that it would not summarily dismiss the Petition and therefore directed Respondent to respond to the Petition. Dkt. No. 7. After the Court granted Respondent an extension, Dkt. No. 14, Respondent filed the instant motion to dismiss the Petition without prejudice on May 9, 2023, Dkt. No. 18. The Court directed Petitioner to "file his opposition to the motion to dismiss, if any, by August 18, 2023."[2] Dkt. No. 19. As Petitioner still has not filed an opposition to Respondent's motion, that motion is unopposed.

## LEGAL STANDARD

The Court's review of Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Under 28 U.S.C. § 2254, U.S. district courts have jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2254(a). Before a district court can proceed to the merits of a petitioner's claims, however, it must determine that the petition complies with the AEDPA's procedural constraints.

The first of these requirements is exhaustion: Generally, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006)

---

[2] The Court's records indicate that this order was mailed to Petitioner at his last known address while incarcerated, but was returned to sender. The Court has independently conducted an inmate search for Petitioner, which reflects that he was released on parole on July 18, 2023. He has not updated his address with the Court and thus the Court has no alternative means of contacting him.

(stating that "exhaustion of state remedies" is a "threshold barrier[]"). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, "one full opportunity" generally means that a petitioner has filed "a direct appeal to the relevant Appellate Division and [sought] leave to appeal to the New York Court of Appeals." *Elleby v. Smith*, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020). "Where a claim is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial or trial record . . . a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a [proceeding under Article 78 of the Civil Practice Law and Rules ('C.P.L.R.')]." *Id.* (internal quotation marks and citation omitted and alteration accepted); *see also Scales v. N.Y. State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005).

Because Petitioner proceeds *pro se*, the Court is obliged to construe his Petition and submissions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

4

Finally, although the motion to dismiss is unopposed, Petitioner's failure to oppose the motion does not itself justify the dismissal of the Petition. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a [petition's] factual allegations and test only its legal sufficiency . . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a [petition] is a matter of law that the court is capable of determining based on its own reading of the [petition] and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322); *see also Robinson v. Victory Mitsubishi*, 2023 WL 5509312, at *3 (S.D.N.Y. Aug. 25, 2023) (collecting cases).

## DISCUSSION

Petitioner argues that despite a court order sentencing him to placement in the § 410.91 drug treatment program, DOCCS has defied that order and instead unilaterally subjected him to a sentence of incarceration. *See* Dkt. No. 2 at 2. Respondent apparently concedes that DOCCS has not placed Petitioner in the § 410.91 program based on its conclusion that "the sentencing court lacked the authority to order that petitioner be diverted to a drug treatment program with parole supervision," but Respondent argues that Petitioner's claim "is completely unexhausted" and therefore must be dismissed. Dkt. No. 18 at 2.

At the outset, the Court finds Petitioner's uncontested allegation that DOCCS has overridden a judicially-imposed sentence based on its own contrary interpretation of New York law disturbing. "The only sentence known to the law is the sentence or judgment entered upon the records of the court . . . . Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption." *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464 (1936) (Cardozo, J.). Accordingly, both the New York Court of Appeals and Second

Circuit have admonished that DOCCS cannot unilaterally modify a court-ordered sentence. *See People v. Williams*, 925 N.E.2d 878, 890 (N.Y. 2010) ("[T]he administrative imposition by DOCS of any additional penalty other than that issued by the sentencing court is a nullity."); *Matzell v. Annucci*, 64 F.4th 425, 439 (2d Cir. 2023); *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) ("The judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment."). Executive-branch overrides of judicial sentences strike at the heart of both the separation of powers and the right of criminal defendants to due process of law. *See* Nathan S. Chapman & Michael W. McConnell, *Due Process as Separation of Powers*, 131 Yale L.J. 1672, 1681 (2012) ("[D]ue process has always been the insistence that the executive—the branch of government that wields force against the people—deprive persons of rights only in accordance with settled rules independent of executive will, in accordance with a judgment by an independent magistrate.").

However, "exhaustion of state remedies" is a "threshold barrier[]" to habeas petitions brought under 28 U.S.C. § 2254. *Day*, 547 U.S. at 205. Under New York law, to challenge DOCCS's failure to implement a judicial sentencing order, a prisoner must commence a proceeding against the agency pursuant to Article 78 of the C.P.L.R. *See People v. Ruddy*, 23 N.Y.S.3d 483, 484 (3d Dep't 2016); *People v. Hamilton*, 954 N.Y.S.2d 686, 687 (3d Dep't 2012); *People v. Rivera*, 46 A.D.3d 291, 292 (1st Dep't 2007); *Bailey v. Joy*, 11 Misc. 3d 941, 942 (Sup. Ct. 2006). "If the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it'" in order to exhaust his state remedies. *Scales*, 396 F. Supp. 2d at 428 (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

Here, the Petition explicitly states that Petitioner has not availed himself of *any* procedures to exhaust his state remedies. Dkt. No. 2 at 9. Petitioner's claim is therefore

6

unexhausted. *See Roundtree v. Bartlett*, 2011 WL 5827315, at *4 (W.D.N.Y. Nov. 18, 2011); *Robles v. Williams*, 2007 WL 2403154, at *2 (S.D.N.Y. Aug. 22, 2007). As a result, the Court will dismiss the Petition without prejudice for failure to exhaust state-court remedies.[3] *See* 28 U.S.C. § 2254(b)(1)(A).

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss without prejudice, Dkt. No. 18, is GRANTED, and the Petition for habeas corpus relief is DISMISSED without prejudice to Petitioner filing a new petition after he has exhausted his state-court remedies.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this opinion and order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 2, 2023
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[3] Thus, the Court need not and does not address Respondent's alternative argument that it should dismiss the Petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See* Dkt. No. 18 at 2.